UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. SISODIA, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-02044-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>[ECF No. 9] |

Plaintiff Anthony Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 11, 2013. Local Rule 302.

Now pending before the Court is Plaintiff's motion for a preliminary injunction, filed on April 3, 2013. Plaintiff seeks an order compelling prison officials to provide him with sufficient pain medication for his chronic right knee and thigh pain.

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged

1

conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.  Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In an order issued concurrently herewith, the Court has found that Plaintiff states a cognizable claim for deliberate indifference to a serious medical need against Defendants Dr. Sisodia and Dr. Edgar Clark; however, Plaintiff did not state a claim against any of the other named Defendants and he was given the opportunity to proceed against Defendants Dr. Sisodia and Dr. Clark or file an amended complaint.

At this stage in the action, the Court cannot make a finding that Plaintiff is likely to prevail on the merits of his claim that Defendants were deliberately indifferent to his medical needs.  While Plaintiff alleges that he was denied pain medication following his knee surgery and, given the liberal standard for pro se litigants, a claim has been found, the Court notes that the exhibits attached to the instant motion reveal that he has been seen by doctors and prison staff has reviewed his medical file. Plaintiff's disagreement with certain Defendant's treatment decision and desire for stronger pain medication are not alone sufficient to suggest he is under any real and immediate threat of injury or that the balancing of equities and public interest weighs in his favor.  Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons.  See, e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-483 (1995) (disapproving the involvement of federal courts in the day-to-day management of prisons).  The facts and evidence

///

///

///

presently before the Court do not support the entitlement to injunctive relief. Accordingly, Plaintiff's motion for a preliminary injunction is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 2, 2013**

UNITED STATES MAGISTRATE JUDGE