1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11  ANTHONY JOHNSON,                    )   Case No.: 1:12-cv-02044-SAB (PC)
                                        )
12              Plaintiff,              )
                                        )   ORDER REQUIRING PLAINTIFF EITHER TO
13        v.                            )   FILE AMENDED COMPLAINT OR TO NOTIFY
                                        )   COURT OF WILLINGNESS TO PROCEED ONLY
14  DR. SISODIA, et al.,                )   ON CLAIMS IDENTIFIED HEREIN
                                        )
15              Defendants.             )
                                        )   THIRTY-DAY DEADLINE
16  _____    )

17        Plaintiff Anthony Johnson is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of

19  the United States Magistrate Judge on February 12, 2012.  Local Rule 302.

20        Plaintiff initiated the instant action on December 17, 2012.

21                                      **I.**

22                         **SCREENING REQUIREMENT**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

27  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

28

                                        1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  <u>Iqbal</u>, 556 U.S. at 676-677; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

Since 2008, Plaintiff has filed numerous medical complaint forms for pain and discomfort in his right knee regarding a severe gunshot wound to the right upper thigh.

On November 30, 2011, surgery was performed on Plaintiff's right knee at Mercy Hospital by Dr. Young Paik due to chronic synovitis of his right knee.  After surgery, Plaintiff returned to the hospital at Corcoran State Prison, and he was not given any medication for his pain.

Plaintiff subsequently informed a nurse on duty that the doctor who performed his knee surgery stated that Plaintiff would receive Vicoden for four to six weeks and Motrin 600 mg for the pain.

Seven days later, Plaintiff was examined by Nurse Dava who indicated that only doctors could prescribe Vicoden.

On December 27, 2001, Plaintiff was examined by Defendant Dr. Sisodia.  Plaintiff informed Dr. Sisodia that he was to receive Vicoden for the pain following his knee surgery.  Dr. Sisodia admitted that he was to be given Vicoden; however, he failed to follow the instructions given by Dr. Paik who performed the surgery.

On January 16, 2012, Plaintiff filed an inmate grievance regarding Dr. Sisodia's treatment.

On February 2, 2012, Plaintiff was examined and prescribed Acetaminophen with Codeine and Ibuprofen, along with Oxcarbazepine by Dr. Sisodia.  However, Plaintiff was still in pain.

On March 28, 2012, Plaintiff informed Dr. Sisodia that he was still in pain.  Plaintiff informed Dr. Sisodia that when he first received the medication it worked, however, after beginning to exercise and gain strength back in his knee the pain got worse and he could not do anything.  Plaintiff informed Dr. Sisodia that he was in need of stronger pain medication due to his pain and suffering.

On May 24, 2013, Dr. C. Nareddy interviewed Plaintiff regarding a complaint filed on April 16, 2012, against Dr. Sisodia.  Dr. Nareddy also failed to provide proper medication for Plaintiff's pain and suffering.  Dr. Nareddy only reviewed the pain medication that he was receiving and stated that Plaintiff would be fine.  Although the appeal was partially granted, Plaintiff indicates that he never requested physical therapy, and the physical therapist did not even look at Plaintiff's swollen knee.

Plaintiff's appeal was denied at the second level dated July 9, 2012, stating:

"To be seen by a pain specialist-denied.  We no longer refer out to a 'pain specialist.'  The Doctors employed by CDCR are licensed medically and are more than qualified to treat pain.  With that said, your Doctors have put into motion a treatment plan to help resolve the cause of your pain.  You were seen by Dr. Williams on 6/14/2012.  He is a physical medicine and rehabilitation specialist.  He did not feel any further treatment from him is required.  He noted the pain medication prescription will be left up to your PCP.  He indicated you are mobile your range of motion is good.  You need no help with your daily activities.  There was no need to have a follow up appointment.  You were seen by physical therapy as part of the plan of care.  You were discharged after one appointment because of lack of cooperation.

///

3

Issue 2: To be prescribed a sufficient pain medication for your knee and right thigh-granted. You are receiving Ibuprofen and Oxcarbazepine."

Plaintiff appealed the second level response because he was dissatisfied with the pain medication he was receiving since it did not relieve his pain.  Plaintiff pointed out that Dr. Williams stated in his notes that Plaintiff had sensation and nerve friction and should not sleep on his right side. He indicated that he needed help with his daily activities and because of the constant pain he could not go to shower and slept most of the day.

The third level appeal was denied stating the same issues as the first and second response.

On August 27, 2012, Plaintiff filed a form to Defendant Chief Medical Officer, Edgar Clark, stating that on June 14, 2012, Plaintiff was seen by Dr. Williams through telemedicine and within his report noted that Plaintiff had sensation damage to his right thigh where the gunshot wound is present. However, then Dr. Williams noted that the nerve does not provide power nor does it impact his balance.   It was noted that Plaintiff was to be careful not to "burn" the area by laying on his right side. It was further noted that Plaintiff had decreased sensation over the right lateral thigh where the gunshot was located.

Defendant Edgar Clark, CMO, never responded to Plaintiff's complaint.

On August 26, 2012, Plaintiff filed a form to Defendant Teresa Macias, Chief Executive Officer, stating that he had surgery on his right knee due to the pain he was experiencing since 2008. He informed Macias that he was in pain and the pain medication he was receiving was not sufficient and requested stronger medication.  Defendant Macias never responded to Plaintiff's request.

As a result of Defendant Macia's action, Plaintiff filed an inmate appeal.

### III.

### DISCUSSION

### A.      Supervisory Liability

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 676-677.  A supervisor may be held liable for the constitutional violations of his

4

or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

**B.      Deliberate Indifference to a Serious Medical Need**

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need.  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-1060 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994).  Plaintiff's allegation of severe knee and right thigh pain due to a gunshot wound which required surgery, for screening purposes, presents a serious medical condition.

The second prong requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Wilhelm, 680 F.3d at 1122 (quoting Jett, 439 F.3d at 1096).  More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way

5

in which prison physicians provide medical care." Id. (internal quotation marks omitted).  Under Jett, "[a] prisoner need only show his harm was substantial."  Id.; see also McGuckin, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

### 1.    Defendant Dr. Sisodia

Plaintiff alleges that following his knee surgery at an outside facility, on December 27, 2011, he was examined by Dr. Sisodia who acknowledged that Plaintiff was to receive Vicodin for his pain; however, he failed to follow the surgeon's instructions and did not initially provide any pain medication, and later prescribed a different level of pain medication which did not relieve the pain. Based on these allegations, Plaintiff states a cognizable Eighth Amendment claim against Dr. Sisodia.

### 2.    Defendant Dr. Nareddy

Plaintiff alleges that on May 24, 2013, Dr. Nareddy interviewed Plaintiff regarding a complaint he filed against Dr. Sisodia.  Dr. Nareddy reviewed the pain medication he was receiving and stated Plaintiff would be fine.

These allegations fail to give rise to a cognizable constitutional violation against Dr. Nareddy. Dr. Nareddy reviewed the pain medication Plaintiff was receiving and found the pain medication was sufficient, and pointed to the fact that Plaintiff was receiving physical therapy.  There is no evidence that Defendant Dr. Nareddy could not have sufficiently researched and investigated Plaintiff's medical by examining the treatment he was presently receiving.  There is no evidence that Dr. Nareddy intentionally denied or delayed adequate medical treatment to Plaintiff and there is no evidence that he had subjective knowledge and conscious disregard of a substantial risk of serious injury.  Dr. Nareddy reviewed Plaintiff's medical records and concluded Plaintiff was receiving adequate medical treatment.  A mere disagreement with the medical treatment or negligence does not give rise to a cognizable Eighth Amendment violation.  See e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow v. McDaniel, 681 F.3d at 987-988; Wilhelm v. Rotman, 680 F.3d at 1122; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Accordingly, Plaintiff will be given the opportunity to amend this claims, if he so desires.

///

6

**3.     Defendant Edgar Clark, Chief Medical Officer**

Plaintiff alleges that on August 27, 2012, he filed a grievance to Defendant Edgar Clark, Chief Medical Officer (CMO), informing him that the examination conducted by Dr. Williams on June 14, 2012, supported Plaintiff's complaint that he was suffering from severe pain and he was not receiving adequate pain medication for his complaints.  Yet, Dr. Edgar Clark never responded to Plaintiff's complaint.

The fact that Dr. Clark failed to respond to Plaintiff's complaint, coupled with Dr. Clark's CMO title, indicate that Dr. Clark has the medical training and power to change the treatment Plaintiff received, and this claim, at the screening stage, is cognizable.

**4.     Defendant Teresa Macias, Chief Executive Officer**

Plaintiff alleges that filed a grievance to Defendant Teresa Macias, Chief Executive Officer regarding his inadequate pain medication, but he received no response to grievance.  Plaintiff fails to state a cognizable claim against Defendant Macias.  Plaintiff has alleged no facts to support that Defendant Macias has medical training or knowledge such that she would be able to review and modify the treatment Plaintiff was provided by medical personnel.  However, Plaintiff will be given the opportunity to amend his claim against Defendant Macias to cure the deficiencies if he desires to do so.

**IV.**

**CONCLUSION AND ORDER**

Plaintiff's complaint states a cognizable claim against Defendants Dr. Sisodia and Dr. Edgar Clark for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for deliberate indifference against Defendants Dr. Sisodia and Dr. Clark, Plaintiff may so

notify the Court in writing, and the Court will issue an order dismissing the other claims and Defendants, and will forward Plaintiff two (2) summons and two (2) USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely ///

stated again in the amended complaint.  Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within thirty (30) days from the date of service of this order, Plaintiff must either:

a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Dr. Sisodia and Dr. Clark for deliberate indifference; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.


IT IS SO ORDERED.

Dated:   **December 9, 2013**

_____
UNITED STATES MAGISTRATE JUDGE