**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. SISODIA, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-02044-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER TO ALLOW HIM ACCESS TO THE LAW LIBRARY<br><br>[ECF No. 10] |

Plaintiff Anthony Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 11, 2013. Local Rule 302.

On April 15, 2013, Plaintiff filed a motion for a court order to allow his daily access to the law library at Corcoran State Prison. The Court construes Plaintiff's motion as a request for a preliminary injunction.

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969. Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant

or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).  Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy.  18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-104 (1998).

In an order issued concurrently herewith, the Court has found that Plaintiff states a cognizable claim for deliberate indifference to a serious medical need against Defendants Dr. Sisodia and Dr. Edgar Clark; however, Plaintiff did not state a claim against any of the other named Defendants and he was given the opportunity to proceed against Defendants Dr. Sisodia and Dr. Clark or file an amended complaint.

In this instance, the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to his claim that he is being denied adequate medical treatment in violation of the Eighth Amendment.  18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Steel Co., 523 U.S. at 103-104.  Because the case-or-controversy requirement cannot be met, the pendency of this action provides no basis upon which to award Plaintiff injunctive relief.  Steel Co., 523 U.S. at 103-104.

Accordingly, Plaintiff's motion for a court order granting him daily access to the law library is DENIED.

IT IS SO ORDERED.

Dated:   **December 9, 2013**

UNITED STATES MAGISTRATE JUDGE