1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10   ANTHONY JOHNSON,                          ) Case No.: 1:12-cv-02044-SAB (PC)
                                                )
11              Plaintiff,                      ) ORDER REGARDING PLAINTIFF'S MOTION
                                                ) FOR RULING ON HIS FOURTEENTH
12          v.                                  ) AMENDMENT CLAIM
                                                )
13   DR. SISODIA, et al.,                       ) [ECF No. 19]
                                                )
14              Defendants.                     )
                                                )
15   _____        )

16

17          Plaintiff Anthony Johnson is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          Now pending before the Court is Plaintiff's motion requesting the Court to make a ruling on

20   his Fourteenth Amendment claim, filed March 5, 2014.  (ECF No. 19.)

21          On December 9, 2013, the Court screened the original complaint and granted Plaintiff the

22   option of proceeding on the claims found to be cognizable or filing an amended complaint.  (ECF No.

23   12.)  On January 16, 2014, Plaintiff filed a first amended complaint.  (ECF No. 17.)

24          On February 18, 2014, the Court found that Plaintiff stated a cognizable claim for deliberate

25   indifference to a serious medical need in violation of the Eighth Amendment against Defendants Edgar

26

27                                          1

28

1  Clark, Teresa Macias, Nareddy, and Dr. Sisodia.  (ECF No. 18.)  In that order, Plaintiff was provided

2  the necessary service of process documents to be returned to the Court after completion.

3          On March 10, 2014, the Court directed service by the U.S. Marshal.  (ECF No. 21.)

4          In the March 5, 2014, motion presently before the Court, Plaintiff requests the Court make a

5  ruling on his alleged due process violation presented in his first amended complaint.

6          The Court construes Plaintiff's motion as a request for reconsideration of the Court's February

7  18, 2014, screening and service order.  Rule 60(b)(6) allows the Court to relieve a party from an order

8  for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to

9  prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.  Harvest

10  v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotation marks and citation omitted).  The moving party

11  must demonstrate both injury and circumstances beyond his control.  Id.  Further, Local Rule 230(j)

12  requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed

13  to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for

14  the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

15          "A motion for reconsideration should not be granted, absent highly unusual circumstances,

16  unless the district court is presented with newly discovered evidence, committed clear error, or if there

17  is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH

18  & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted), and "[a]

19  party seeking reconsideration must show more than a disagreement with the Court's decision, and

20  recapitulation …" of that which was already considered by the Court in rendering its decision."  U.S.

21  v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

22          Plaintiff is advised that the Court interpreted Plaintiff's allegations set forth in the first

23  amended complaint as arising only under the Eighth Amendment deliberate indifference to a serious

24  medical need standard.  However, to the extent, Plaintiff has cited and discussed as a separate analysis,

25  the fact that the Defendants may have violated their own regulations as a result of their medical

26  treatment, Plaintiff fails to state a cognizable federal due process claim.

27                                                      2

28

1    Violations of state prison regulations do not rise to the level of a constitutional violation

2 cognizable under section 1983.  Sandin v. Conner, 515 U.S. 472, 482 (1995) (finding no

3 constitutionally protected liberty interest in prison regulations even when phrased in mandatory

4 terms); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989) (prison's failure to follow its own

5 guidelines regarding hearings does not alone constitute denial of due process); Ybarra v. Bastian, 647

6 F.2d 891, 892 (9th Cir. 1981) (violations of prison rules or procedures alone do not state federal

7 constitutional claims).  Accordingly, Plaintiff motion for reconsideration of the Court's February 18,

8 2014, screening and service order, is DENIED.

9

10  IT IS SO ORDERED.

11    Dated:    **April 21, 2014**    _____

12                                   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      3

28