UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. SISODIA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-02044-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 38] |

　　　　Plaintiff Anthony Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action is proceeding on Plaintiff's claim that he was denied adequate medical care in violation of the Eighth Amendment.

　　　　Now pending before is Plaintiff's request for appointment of counsel, filed March 5, 2015. (ECF No. 38.)  There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on a claim of inadequate medical care and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint and various motions for relief filed with the Court.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Thus, the Court finds that Plaintiff's arguments regarding his ability to obtain discovery are not exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's reliance on a fellow inmate to assist in prosecuting this matter does not demonstrate extraordinary circumstances for appointment of counsel. This Court is faced with similar circumstances in almost every pro se prisoner case and such cases have progressed through discovery, law and motion, and trial despite such circumstances. Accordingly, Plaintiff's motion for appointment of counsel must be DENIED.

IT IS SO ORDERED.

Dated:   **March 9, 2015**

UNITED STATES MAGISTRATE JUDGE