UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. SISODIA, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-02044-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE, GRANTING PLAINTIFF'S MOTION FOR IMPOSITION OF SANCTIONS, AND GRANTING DEFENDANTS' REQUEST TO EXTEND DEADLINE TO FILE DISPOSITIVE MOTION<br><br>[ECF Nos. 34, 37, 40, 41] |

Plaintiff Anthony Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion to extend the discovery deadline, filed February 9, 2015, and Plaintiff's motion to hold Defendants in contempt of court for failure to comply with a court order, filed March 4, 2015. (ECF Nos. 34, 37.) Defendants filed a response on March 24, 2015, and a motion to extend the time to file a dispositive motion on March 26, 2015. (ECF Nos. 40, 41.)

**I.**

**DISCUSSION**

This action is proceeding against Defendants Clark, Macias, Nareddy and Sisodia on Plaintiff's claim of inadequate medical care in violation of the Eighth Amendment.  Defendants filed an answer

1  to the complaint on May 15, 2014.  On May 16, 2014, the Court issued a discovery and scheduling
2  order, setting the discovery deadline as January 16, 2015, and the dispositive motion deadline as
3  March 26, 2015.
4        Plaintiff thereafter served discovery requests on Defendants, which defense counsel did not
5  receive until June 10, 2014, during a time when counsel was out of the office due to a family illness.
6  On October 16, 2014, Plaintiff filed a motion to compel responses to his pending discovery requests.
7  (ECF No. 28.)
8        On December 22, 2014, the Court granted Plaintiff's motion to compel discovery, and directed
9  Defendants to file a response to Plaintiff's pending discovery request by January 16, 2015.  (ECF No.
10  32.)
11        In response to the December 22, 2014, court order, counsel for Defendants declares that she
12  drafted responses to the discovery requests and spoke with Defendants in an effort to expedite service
13  of those responses.  Counsel completed the responses and sent them to Defendants for signature.
14        On February 9, 2015, Plaintiff filed a motion to extend the time for discovery.  Upon notice of
15  Plaintiff's filing, defense counsel realized that the discovery responses had not been served on Plaintiff
16  and could not be located on the computer system.  Counsel then began working on redrafting the
17  responses.  Counsel submits that she "has been working on the draft responses for the second time, but
18  they are not yet complete."  (ECF No. 40, 2:22-23.)  Consequently, Defendants do not oppose
19  Plaintiff's motion to extend the discovery deadline.

      **A.  Plaintiff's Motion to Extend Discovery Deadline**

21        Plaintiff seeks an extension of the discovery deadline based on Defendants failure to respond
22  to his discovery requests as ordered by the Court on December 22, 2014.
23        On the basis of good cause, the Court will grant Plaintiff's request and extend the discovery
24  deadline to and including **July 1, 2015**, within which to complete all discovery.

      **B.  Plaintiff's Motion to Impose Sanctions on Defendants**

26        Plaintiff seeks to impose sanctions upon Defendants for their failure to comply with the
27  Court's December 22, 2014, order to respond to his discovery requests.  Defendants oppose the
28

imposition of sanctions and contend the failure to respond to Plaintiff's discovery requests was due to technical failures, not a failure to comply with the Court's order.

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. Wyle v. R.J. Reynolds Indus. Inc., 709 F.2d 585, 589 (9th Cir. 1983) (citing Nat'l Hockey League v. Metro. Hockey Clubs, 427 U.S. 639, 643 (1976)). The Court may issue any "just order" including the following:

(i) directing that the matters embraced in the order or other designated claims or defenses, or from introducing designated matters in evidence;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

 (iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceedings in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Local Rule 110 provides that a "failure … of a party to comply … with any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." District courts have the inherent power to dismiss an action or "enter a default judgment to ensure the orderly administration of justice and the integrity of their orders." Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc., 682 F.2d 802, 806 (9th Cir. 1982).

Based on defense counsel's failure to respond initially to Plaintiff's discovery requests, failure to respond to Plaintiff's motion to compel, failure to comply with the Court order granting Plaintiff's motion to compel, and failure to respond to Plaintiff's second motion to compel, sanctions are appropriate. The appropriateness of a discovery sanction is within the broad discretion of the court. See Von Brimer v. Whirlpool Corp., 536 F.2d 838, 844 (9th Cir. 1976). With respect to written

interrogatories, Federal Rule of Civil Procedure 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity," and that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  See also Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests with the time required constitutes a waiver of any objection."); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, constitutes a waiver of any objections.  This is true even of an objection that the information sought is privileged."). Regarding requests for admissions, Federal Rule of Civil Procedure  provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  With regard to document requests, Federal Rule of Civil Procedure 34(b)(2)(C) provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Generally, the failure to assert timely objections to document requests served pursuant to Rule 34 constitutes a waiver of those objections.  See Richmark Corp., 959 F.3d at 1473; City of Rialto v. U.S. Dep't of Def., 492 F.Supp.2d 1193, 1201-1202 (C.D. Cal. 2007) (concluding that a party's failure to timely object to a document request constituted a waiver of the attorney-client privilege as to the documents in question).

      Given the fact that Defendants did not respond to Plaintiff's discovery requests and did not respond to Plaintiff's motion to compel responses until ordered to do so by the Court, and failed to respond to the Court's order granting the motion to compel or respond to the second motion to compel filed by Plaintiff until ordered to do so by the Court, Defendants shall respond to Plaintiff's discovery requests which include requests for interrogatories and requests for admission, without objections.  As a sanction for failure to comply with the discovery requests, Defendants have waived any objections to the written discovery and will not be permitted to assert any objections to Plaintiff's interrogatories, requests for admissions, and requests for production of documents.  Defense counsel is strongly

4

cautioned that future noncompliance with discovery and/or court orders, will result in imposition of much harsher sanctions.[1]

### B.  Defendants' Motion to Extend Dispositive Motion Deadline

Defense counsel requests to extend the dispositive motion deadline to **April 22, 2015**. Counsel declares that she has been working on completing the discovery responses that were not previously provided to Plaintiff and she has begun preparation of a motion for summary judgment, but the motion is not yet completed and will not be completed by the current due date of March 26, 2015. Counsel is cautioned that filing an extension of time on the required filing date for the document is looked upon with disfavor, and may defeat a showing of good cause to grant the motion.  See Local Rule 144(d).  On the basis of counsel's representation setting forth good cause, the Court will grant Defendants' extension of time.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline is GRANTED, and the discovery deadline is extended to **July 1, 2015**;

2. Plaintiff's motion for imposition of sanctions is GRANTED, and within **thirty (30)** days from the date of service of this order, Defendants shall respond, without objection, to all of Plaintiff's discovery requests; and

---

[1] In imposing this sanction and any future sanctions, the Court is mindful of the fact that defense counsel, Deputy Attorney General, Kelli M. Hammond, has repeatedly failed to respond to discovery requests and/or filings of motions to compel by the opposing party.  See, e.g., 2:03-cv-02215-ALA (ECF No. 91, Ms. Hammond was ordered to pay $200.00 to plaintiff as sanctions for repeated failures to comply with discovery requests and discovery orders in that action); 2:09-cv-03525-KJM-AC (ECF No. 41, Ms. Hammond failed to comply with court order granting in part and denying in part the plaintiff's motion to compel discovery); 2:11-cv-01568 JAM AC (ECF No. 51, court granted the plaintiff's motion to compel when Ms. Hammond failed to respond to discovery request); 1:06-cv-01701-LJO-GSA (PC) (ECF Nos. 115, 118); 1:08-cv-01380 AWI BAM (ECF Nos. 151, 158).

3. Defendants' motion to extend the dispositive motion deadline is GRANTED, and the dispositive motion deadline is extended to **April 22, 2015**.

IT IS SO ORDERED.

Dated:   **April 16, 2015**

UNITED STATES MAGISTRATE JUDGE