UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. SISODIA, et al.,<br><br>        Defendants. | Case No.: 1:12-cv-02044-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS<br><br>[ECF No. 43] |

Plaintiff Anthony Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's second motion to compel, filed June 3, 2015. (ECF No. 43.)  Defendants filed an opposition on June 22, 2015, and Plaintiff filed a reply on July 10, 2015.  (ECF Nos. 44, 46.)

**I.**

**DISCUSSION**

**A.    Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ.

1

P. 37(a)(1); Local Rules 240, 251; ECF No. 24, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.  Motion to Compel**

Plaintiff moves to compel Defendants to respond to his request for production of documents, set one. Plaintiff also seeks imposition of sanctions.

Defendants oppose Plaintiff's motion and submit that they have responded to Plaintiff's requests for production of documents by either producing documents, directing Plaintiff to where the documents were located, or advised Plaintiff that the documents requested did not exist. Defendants subsequently re-served responses to Plaintiff's discovery requests, without objections, as ordered by the Court.

In his reply, Plaintiff continues to seek the imposition of sanctions against Defendants.

Defendants submit that following a motion to compel brought by Plaintiff, on March 30, 2015, Defendants served responses to Plaintiff's request for production of documents, set one; request for admissions, sets one and two; and interrogatories, set one. (ECF No. 44-1, Declaration of Monica Anderson ¶ 3.) Thereafter, on April 16, 2015, (after Defendants had served their responses) the Court granted Plaintiff's motion to compel and for sanctions, and ordered that the above discovery be

3

1  responded to by Defendants, without objections. (ECF No. 42.) Defendants' initial responses
2  contained objections because they were served on March 30, 2015, prior to the April 16, 2015, order.

3        Defendants submit that on May 5, 2015, Plaintiff served a second request for production of
4  documents, entitled section three. Defendants responded to the request for production, set three on
5  May 22, 2015, and produced documents, including 347 pages of Plaintiff's medical files, the drug
6  formulary, and a docket sheet regarding a case filed against Dr. Sisodia. (ECF No. 44 Ex. D.)

7        Defendants submit they have also re-served their discovery responses to request for production
8  of documents, set one; request for admissions, sets one and two; and interrogatories, set one, without
9  objections, on June 22, 2015. (ECF No. 44-1, Declaration of Monica Anderson, ¶ 4.)

10        Deputy Attorney General, Monica Anderson, indicates that she supervises former counsel,
11  Kelli M. Hammond, and became aware of the discovery issues in this case on June 19, 2015. (Id. ¶ 2.)
12  Ms. Anderson declares that she "was not aware of the Court's order until today, June 22, 2015, when I
13  was receiving the response to the Second Motion to Compel brought by Plaintiff. Upon notice of the
14  Court's order (ECF No. 42), I asked Ms. Hammond whether the discovery had been re-served, without
15  objections. She informed me that she had not re-served the discovery." (Id. ¶ 3:2-6.) Ms. Anderson
16  declares that the responses to Plaintiff's request for production of documents, set one; request for
17  admissions, sets one and two; and interrogatories, set one were served without objections, on June 22,
18  2015. (Id. ¶ 4.)

19        Ms. Anderson further declares that because she was not aware of the Court's April 16, 2015,
20  order until June 22, 2015, she did not intervene to have the discovery re-served. "However, [she] has
21  removed Ms. Hammond from the case and it will be reassigned immediately, so further discovery
22  issues should not arise." (Id. ¶ 5:10-12.)

23        Plaintiff's motion to compel is DENIED based on defense counsel's representation, under
24  penalty of perjury, that responses to all of Plaintiff's discovery requests have been served in
25  compliance with this Court's April 16, 2015, order, and no further responses are due.

26      **C.  Motion for Sanctions**

27        Plaintiff seeks monetary sanctions in the amount of $300 for Defendants, repeated, failure to
28  participate in the discovery process.

4

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. Wyle v. R.J. Reynolds Indus. Inc., 709 F.2d 585, 589 (9th Cir. 1983) (citing Nat'l Hockey League v. Metro. Hockey Clubs, 427 U.S. 639, 643 (1976)). The Court may issue any "just order" including the following:

> (i) directing that the matters embraced in the order or other designated claims or defenses, or from introducing designated matters in evidence;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceedings in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Local Rule 110 provides that a "failure … of a party to comply … with any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." District courts have the inherent power to dismiss an action or "enter a default judgment to ensure the orderly administration of justice and the integrity of their orders." Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc., 682 F.2d 802, 806 (9th Cir. 1982).

In the Ninth Circuit determined that the District Court may impose "reasonable monetary sanctions against attorneys for violations of local rules when they are the offending parties." Miranda v. Southern Pacific Transportation Company, 710 F.2d 516, 521 (9th Cir. 1983); see also Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (imposing sanctions, in part, for the plaintiff's failure to comply with the court's local rules).

Here, there is no question that Deputy Attorney General, Kelli Hammond, failed to comply with the Federal Rules of Civil Procedure and Local Rules in responding to discovery requests, and

prior orders of the Court to respond to said requests. However, the Court does not find the imposition of monetary sanctions to be justified in this instance, at this time. As noted above, defense counsel served the initial responses to Plaintiff's discovery on March 30, 2015 (albeit untimely), and the Court thereafter ordered a response to any and all discovery without objection. (ECF No. 42; ECF No. 44, Declaration of Monica Anderson ¶ 3.) And, although defense counsel did not provide a timely response to Plaintiff's discovery requests as directed by the Court's April 16, 2015, order, Plaintiff was served with responses to his requests, without objections, on June 22, 2015, and as far as the Court can decipher the discovery is presently up-to-date.

While Plaintiff has undoubtedly been inconvenienced by the failure of counsel to respond to the discovery requests, the Court has extended the discovery deadline to accommodate Plaintiff's need to conduct further discovery after the untimely responses and the discovery responses are presently up-to-date. In addition, Deputy Attorney General, Kelli Hammond, has been removed from the case, and the California Attorney General's Office represents that no further discovery issues should arise. (Id. ¶ 5.) Accordingly, the Court finds the imposition of monetary sanctions unjustified at the present time, and Plaintiff's motion for sanctions shall be denied.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel a further response to discovery is DENIED; and
2. Plaintiff's motion for imposition of monetary sanctions is DENIED.

IT IS SO ORDERED.

Dated: **August 3, 2015**

UNITED STATES MAGISTRATE JUDGE