UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. SISODIA, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-02044-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS' REQUEST FOR EXTENSION OF TIME NUNC PRO TUNC SHOULD NOT BE DENIED<br><br>[ECF No. 56] |

　　　　Plaintiff Anthony Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On September 1, 2015, Defendants filed a motion for extension of time nunc pro tunc, up to and including August 14, 2015, to file a motion for summary judgment. (ECF No. 56.) Defendants filed their motion for summary judgment on August 14, 2015, and as an attachment filed the present motion for extension of time. The motion was re-filed properly on September 1, 2015.

**I.**

**DISCUSSION**

　　　　The Court's May 16, 2014, discovery and scheduling order required that dispositive motions be filed on or before March 26, 2015. (ECF No. 24.) The deadline was subsequently extended to April 22, 2015. (ECF No. 42.) Despite the April 22, 2015, extended deadline, no dispositive motions were filed by the deadline.

1

Deputy Attorney General, Gabriel Ullrich, submits that beginning on June 22, 2015, Deputy Attorney General Kelli Hammond (previous counsel in this case) went out on medical leave due to health concerns, and was not expected to return until August 31, 2015.  (ECF No. 56, Decl. of Gabriel Ullrich ¶ 2.)  Counsel further submits that "[i]n light of Deputy Hammond's absence, on approximately June 25, 2015, this matter was reassigned to me.  Upon reassignment, I immediately reviewed and evaluated the file.  In doing so, I realized that Defendants have not filed a motion for summary judgment.  Moreover, I determined that this matter could likely be dispensed with, or significantly narrowed by, a motion for summary judgment.  Due to Deputy Hammond's continued absence, I cannot question her about why a motion for summary judgment was not filed by the dispositive motion deadline."  (Id. ¶ 3.)

Based on the representations by Mr. Ullrich in the present motion for an extension of time, the Court cannot determine the basis of good cause and whether due diligence was exercised in attempting to meet the initial deadline and whether due diligence was exercised after the action was reassigned. See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-1088 (9th Cir. 2002) (modification of a scheduling order requires a showing of good cause, and good cause requires a showing of due diligence).

Accordingly, within **seven (7)** calendar days from the date of service of this order, Defendants shall show cause why the motion for extension of time should not be denied, and within **fourteen (14)** days after the date Defendants file their response, Plaintiff may file a reply.

IT IS SO ORDERED.

Dated:   **September 17, 2015**

UNITED STATES MAGISTRATE JUDGE

2